JUDGE TUCKER.
On the trial of this cause, the defendants offered in evidence a decree of the County Court of Amelia between Mary Claiborne, under whom they claim, and John Tabb, under whom the plaintiffs claim, as evidence of a title in the defendants to the lands in question, whereby it Was ordered and decreed, that, unless the defendant, (John Tabb,) who was in contempt for not appearing and answering the bill, should, on or before the Mav term then next, (1792,) answer the complainant’s bill, then the 640 acres of land in the bill aforesaid mentioned (lying in the County of Dinwiddie) be resurveyed by the surveyor of Dinwiddie, and that he allot to the defendant, 400 acres, according to the contract and plat of land in the said bill mentioned; and that the said defendant do execute to the complainant, a legal conveyance in fee-simple, of all right and title to the aforesaid 640 acres, except the four hundred to be allotted to him, as aforesaid; and that he pay the complainant her costs.
To the admissibility of which decree as evidence of a title in the defendants to the said lands, the plaintiffs objected; and the Court refused to admit the same as evidence of any title in the defendants; because they considered the decree as a decree nisi, and not a final decree. And thereupon the defendants tendered a bill of exceptions, which was allowed.
I find it laid down as a general rule, that, wherever a matter comes to be tried in a collateral way, the decree, sentence or judgment of any Court, having competent jurisdiction, is conclusive evidence of such matter; and, in case the determination be final in the Court of which it is a decree, sentence or judgment, such decree, sentence or judgment, will be conclusive in any other Court having concurrent jurisdiction, (d)
In consequence of the first part of this rule; if, in ejectment, a question arose about the marriage of the plaintiff’s father and mother, a sentence of the Ecclesiastical Court, in *a cause of jactitation, would be conclusive evidence, (e) But this part of the rule must be taken with *616 this restriction, that the matter determined by such decree, sentence or judgment, was determined, ex directo, and not in a collateral way. As if a suit were instituted in the Ecclesiastical Court by A. against B. for a divorce for adultery with D. and she were to plead that she were married to D. and, upon proof made, the Court should so pronounce, and accordingly dismiss A.’s libel; yet that would be no evidence in an ejectment in which the marriage between B. and D. came in dispute, (a) But, if a man devise lands by the force of the statute of wills, the probate of the will in the Spiritual Court, cannot be given in evidence; for all proceedings there, relating to lands, are coram non judice. (b) This last case is, in principle,' opposite to that before us. The Courts of Westminster-Hall take notice ex officio of the jurisdiction of all inferior Courts; and, where they proceed in any manner whatsoever beyond their proper bounds, reject their proceedings as evidence. So, in this country, the superior Courts are bound to take notice of the jurisdiction of all inferior Courts, whether brought before them directly, by appeal or writ of error, or, collaterally, as in the present case. We are bound then to take notice, that the County Courts have limited local jurisdictions, and neither, as Courts of-Law, can hold pleas concerning lands lying in any other County, nor, as Courts of Equity, can act in rem, as to any such lands, although they may act in personam, as to any defendant residing within their jurisdiction, (c) Now, here, the decree is partly in rem and partly in personam. For it directs the lands to be surveyed though lying in Dinwiddie, (another County,) and 400 acres thereof to be allotted to the defendant. So far the decree is .in rem. Then, as to the remainder of the decree, it directs the defendant to make to the complainant a legal title in fee-simple, for all of the 640 acres which shall remain after allotting the 400 acres to him.
This is such a decree as a Court of Chancery may regularly make against a defendant residing within its limits. But *it is such a decree as could’ never be carried into execution by any process whatsoever, if the defendant should obstinately persist in refusing to perform it, by executing a conveyance: and, since the Court, in this case, could not act in rem, until the decree in personam be performed, the complainant cannot have a legal, but merely an equitable title to the lands mentioned in the decree. And, though Courts of Equity consider that as done, which ought to be done, Courts of Law do not. The decree, then, as it relates to the survey and allotment of the 400 acres of land in another County, being coram non judice, and, as it might operate, in personam, against the defendant, John Tabb, being executory only, and not vesting a legal title in the complainant, but an equitable one only, was, I think, rightly rejected as evidence of a title on the trial of the ejectment in a Court of Law. These principles, I consider, as settled in the case of Penn v. Lord Baltimore, 1 Vez. Rep. 454, and the cases of Farley v. Farley, in the late Chancellor Wythe’s Reports; and Guerrant v. Fowler, &c., 1 Hen. & Munf. 5, before the present Chancellor of the Richmond District, appear to me to be also bottomed upon the decision in the former case. In 1 Fonb. 34, this matter is explicitly stated, note(9) : “Where the subject in dispute is not within the jurisdiction of the Court, it •is certainly true that the decree of the Court operates merely in personam; but, if the lands lie within the jurisdiction of the Court, and the defendant refuse to perform the decree, (as to give the plaintiff possession,) the Court will enforce its decree by a writ of assistance, which is for that purpose directed to the sheriff.’’(d)
Upon these grounds, whether the decree be considered as final, or as an interlocutory decree only, (in which light it appears to me,) I am of opinion the judgment of the District Court ought to be affirmed.
JUDGE ROANE.
This case is extremely plain. On a trial involving the legal title, only, of the land in controversy, *the defendant offered, as evidence of a title, a decree which is not only interlocutory, but, 'if final, did not convey the .legal title. The opinion of the District Court, therefore, is clearly correct, unless it be that it does not go far enough, as it seems to bottom itself only upon the position, that the decree is a decree nisi, and not a final one. I am, therefore, of opinion, that the judgment be affirmed.
JUDGE FLEMING.
The points submitted to the consideration of the Court by the counsel are, 1st. Whether the decree of the County Court of Amelia, made the 22d day of March, 1792, in a suit between Mary Claiborne, plaintiff, and John Tabb, defendant, was a final or an interlocutory decree only? An,d, 2d. Whether the decree, with the record, in that suit was, or was not, proper evidence to go to the jury, on the trial of the ejectment in the District Court of Petersburg?
It appears, on inspection, to have been a decree nisi, and therefore not final, but interlocutory; the parties still remaining in Court, and a day being given to the defendant, Tabb, to answer the bill of the plaintiff; although the administrators of Mr. Tabb, on tne 24th November, 1798, on motion to the County Court of Amelia, obtained leave to file a bill of review to the said decree, and immediately filed the same, in which they state the said decree to be final; an"d a subpoena issued against the said Mary Claiborne to answer the bill of review, on which subpoena the sheriff made a return “not found;’’ and on the 17th day of August, 1801, the said suit was abated on the death of the said Mary Claiborne.
It appears to me that the Court was correct in refusing to suffer the said decree, with the record annexed, to go as evidence to the Jury, on the trial of the ejectment, as it gave no title to the defendants; and I believe it is a point not yet settled, that a County Court has jurisdiction to decree a title to lands lying in another *617 County; (a contrary opinion *seeming to prevail;) but, on this point, I give no opinion, as I think it an important one that ought to be decided on solemn argument.

 Bull. N. P. 244, 2 Esp. 758, 1 Harr. CR. Frac. 583.

 CartR. 225.

 2 wilson, 122, 127, Robinson v. Crutcbley.

 Bull. N. P. 214, '245.

 4 Inst. 213.

MX See also 3 Atk. 587.